UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAM JEET SINGH,<br><br>  Petitioner,<br><br>  v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; SERGIO ALBARRAN, Director of the ICE Field Office; Warden of Mesa Verde ICE Processing Center,<br><br>  Respondents. | No. 1:26-cv-00824-KES-HBK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Vikram Jeet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by claim one of the petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that

1

1  distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v.*
2  *Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the
3  petition. Doc. 8. Respondents state that they "have reviewed the cases cited in the Court's
4  January 30, 2026, minute order and confirm that this case is in the same legal and procedural
5  posture as the cases cited in the Court's order." Doc. 10 at 1. While respondents oppose the
6  petition, they do not raise any new arguments. *See id.* at 1–2.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

   Dated:   February 3, 2026

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

2